Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3946 | **DATE** | 1/5/2004 |
| **CASE TITLE** | Lyndex Corporation vs. Heartech Precision, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___ .
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due___ ___.
(4) ☐ Ruling/Hearing on ___ ___ set for ___ ___ at ___ ___ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ ___ set for ___ ___ at ___ ___ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ ___ set for ___ ___ at ___ ___ .
(7) ☐ Trial[set for/re-set for] on ___ ___ at ___ ___ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ ___ at ___ ___ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, defendant's motion for summary judgment (11) is denied. The case is set for a status hearing on 1/13/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 1 2 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 26 |
| | | | date mailed notice | |
| OR | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LYNDEX CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03 C 3946 |
| | ) | |
| HEARTECH PRECISION, INC.; | ) | |
| PIONEER TRADING CO., LTD.; and | ) | **DOCKETED** |
| DOOSUNG PRECISION COMPANY, | ) | |
| | ) | JAN 1 2 2004 |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Lyndex Corporation has sued Heartech Precision, Inc., its parent company Pioneer Trading Co., Ltd., and Doosung Precision Company, contending that Heartech's tool chuck design infringes its patent. Heartech has moved for summary judgment on the issue of infringement. For the reasons stated below, the Court denies Heartech's motion.

### Facts

Lyndex is a distributor of a grooved machine tool chuck covered by United States Patent number 6,105,974. The chuck is inserted into a machine tool, such as a lathe or a milling machine, and is designed to hold tool elements with greater gripping torque (chuck force) than other chucks. The following diagram derived from the specification of the '974 patent and a highlighted version of a prior art chuck from Fig. 8 of the '974 Patent below, illustrates a cross-section of the chuck and shows how it creates chuck force:

26



*Highlighted Fig. 8*

The chuck force is generated when a clamp sleeve 5 (highlighted in blue) is rotated clockwise around a chuck sleeve 1C (highlighted in red), moving the clamp sleeve upward along the outside of the chuck sleeve as indicated by the blue arrow. '974 patent, col. 2, lines. 4-25. Due to the inner tapered surface of the clamp sleeve 5, the clamp sleeve's upward movement against the chuck sleeve causes the clamp sleeve to strongly press the chuck sleeve inward, as indicated by the red arrows. This causes the chuck sleeve to deform radially inwardly, reducing its inner diameter and bringing it into contact with the tool 7. This generates the chuck force that holds the tool in the chuck during machining operations. The invention claimed in the '974 Patent is directed toward increasing the chuck force along the length of the chuck sleeve by increasing the chuck sleeve's deformation in the area nearest the chuck flange. *See* '974 patent col. 3, lines. 36-39.

Hearteach and its parent company Pioneer designed their own tool chuck which Lyndex believed to be an exact copy of its patented design. Lyndex informed Pioneer and Heartech that it believed that Heartech's chuck design infringed on its intellectual property and followed up

this notification with a letter in November of 2002. After receiving this notification, Heartech created a second chuck which modified the design of its first chuck by moving the position of the groove radially outwardly along the end surface of the flange (see diagram below). Lyndex argues that this modified design also infringes the '974 patent. Heartech has filed a motion for summary judgement on the issue of infringement.

## Discussion

Summary judgment is appropriate in a patent case, as any other case, when there is no



*First Chuck Design*



*Second Chuck Design*

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Avia Group International, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988). In determining whether there is a genuine issue of fact, we view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Stimsonite Corp. v. Nightline Markers, Inc.*, 33 F. Supp. 2d 703, 705 (N.D. Ill. 1999).

A patent infringement analysis entails two steps. The first is determining the meaning and scope of the patent claims alleged to be infringed. The second step is comparing the properly construed claims to the device accused of infringing. *See, e.g., Bayer AG v. Elan*

3

*Pharmaceutical Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). To prove literal infringement, the patent holder must show that the accused device contains every limitation in the asserted claims. *Kraft Foods, Inc. v. International Trading Co.*, 203 F.3d 1362, 1370 (Fed. Cir. 2000). To prove infringement under the doctrine of equivalents, the patent holder must show that the accused device contains each limitation of that claim or its equivalent. *Jeneric/Pentron, Inc. v. Dillon Company, Inc.*, 205 F.3d 1377, 1383 (Fed. Cir. 2000) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997)). Conversely, "[f]or any given claim, 'infringement is avoided when one element (or substitute falling within a permissible range of equivalents) is absent.'" *Watts v. XL Systems, Inc.*, 232 F.3d 877, 884 (Fed. Cir. 2000) (quoting *Senmed, Inc. v. Richard-Allen Medical Industries, Inc.*, 888 F.2d 815, 818 n.2 (Fed. Cir. 1989)).

Infringement is a question of fact. *See, e.g., Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1105 (Fed. Cir. 2000). However, if no fact finder reasonably could find that the patent's claims literally read on the accused device, summary judgment of no literal infringement is appropriate. *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1580 (Fed. Cir. 1989). Similarly, where the evidence is such that no reasonable jury could determine two elements to be equivalent, "a district court is obliged to grant summary judgment of non-infringement" under the doctrine of equivalents. *Warner-Jenkinson*, 520 U.S. at 39 n.8.

Lyndex contends that both Heartech's first and second chuck designs are at issue in this case. However, because Heartech has moved for summary judgment only on the issue of whether its second chuck design infringes on the '974 patent, the question of whether its first design also infringes is not before the Court at this time.

The '974 patent contains eleven claims. Claims 1 through 9 require:

4

> a groove having a predetermined depth...formed in the end surface of said flange opposite said shank portion such that said groove extends along the outer circumference of the base end of said chuck sleeve...

'974 patent, col. 13, lines 24-30. Claims 10 and 11 require:

> a ring shaped groove therein immediately adjacent said chuck sleeve, the ring-shaped groove having a circumferentially arranged inner cylindrical surface which joins with the outer circumferential surface of the chuck sleeve immediately adjacent said ring-shaped groove.

'974 patent, col. 14, line 64 - col. 15, line 2. Heartech argues that the accused device does not infringe the '974 patent because it does not contain a groove that "extends along the outer circumference of the base end of [the] chuck sleeve" or is "immediately adjacent said chuck sleeve.

"In construing claims, the analytical focus must be centered on the language of the claims themselves, for it is that language that the patentee chose to use to 'particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention.'" *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001) (quoting 35 U.S.C. §112, par. 2). There is a heavy presumption that the terms used in the claims have the ordinary meaning that would be attributed to those words by persons skilled in the relevant technology. *See CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002); *see also, K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1362-63 (Fed. Cir. 1999). A claim term is to be given the full range of its ordinary meaning as understood by persons skilled in the relevant technology unless there is a compelling reason not to do so. *See Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001); *see also Johnson Worldwide Assocs., Inc. v. Zebco Corp.*, 175 F.3d 985, 989 (Fed. Cir. 1999).

The Federal Circuit has recently indicated that a court can and should consult dictionary

definitions in construing claim terms. *Texas Digital Systems, Inc., v. Telegenix, Inc.*, 308 F.3d 1193, 1202 (Fed. Cir. 2002). Dictionaries that are publicly available when the patent was issued "are objective resources that serve as reliable sources of information on the established meanings that would have been attributed to the terms of the claims" by persons skilled in the relevant technology and thus "may be the most meaningful sources of information" to be used in claim interpretation. *Id.* at 1203.

Because particular words may have multiple dictionary definitions, some of which may have no relation to the claimed invention, the intrinsic record must always be consulted to identify which of the different possible dictionary meanings of the claim terms in issue is most consistent with the inventor's use of the terms. *Texas Digital*, 308 F.3d at 1203. The intrinsic record must also be examined to determine whether the presumption of ordinary and customary meaning is rebutted. If, for example, the specification contained in the patent uses a term in a manner "clearly inconsistent" with the ordinary meaning as shown by a dictionary definition, then the dictionary definition must be rejected. *Id.* It is inappropriate, however, to consult the intrinsic record to determine the meaning of claim terms before attempting to discern the ordinary and customary meanings attributed to the words themselves. *Id.* To do so would violate the rule that limitations from the specification may not be imported into the claims so as to limit their scope. *Id.; see generally Transmatic, Inc. v. Gulton Indus., Inc.*, 53 F.3d 1270, 1277 (Fed. Cir. 1995) ("[A] patent claim is not necessarily limited to a preferred embodiment disclosed in the patent."); *SRI Int'l, Inc. v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 n. 14 (Fed. Cir. 1985) (*en banc*) ("That a specification describes only one embodiment does not require that each claim be limited to that one embodiment.")

Heartech's motion for summary judgment turns on the meaning of the term "along"

found in claim 1 of the '974 Patent. Heartech argues that a groove extending "along" the base end of the chuck sleeve requires that the groove come in contact with the outer surface of the chuck sleeve. By contrast, Lyndex contends that the ordinary meaning of the word "along" does not require the groove to touch the outer surface of the chuck sleeve. The Court agrees with Lyndex.

Consistent with *Texas Digital*, a court should "resort initially to the relevant dictionary definitions to determine the ordinary meaning of the [disputed] term." *E-Pass Technologies, Inc. v. 3Com Corp.*, 343 F.3d 1364, 1367 (Fed. Cir. 2003). The *American Heritage® Dictionary of the English Language* says that "along" means "on a line or course parallel and close to; continuously beside: *rowed along the shore; the trees along the avenue.*" American Heritage Dictionary of the English Language 50 (4th ed. 2000). This definition and the illustrative examples it provides reflect that an object can be "along" another object even if the two do not come in contact. Rather, the two objects need only be "parallel" and "close to" each other.

The next question is whether the context in which the term "along" is used in the claim indicates a departure from the term's ordinary meaning. *E-Pass*, 343 F.3d at 1368. It does not. Nothing in the context suggests that the groove must touch the outer surface of the chuck sleeve.

There is a heavy presumption that the term "along," as used in the claim, should carry its ordinary meaning. *E.g.*, *E-Pass*, 343 F.3d at 1368; *Sunrace Roots Enterprise Co. v. SRAM Corp.*, 336 F.3d 1298, 1302 (Fed. Cir. 2003). As indicated in *Texas Digital*, however, we next look to the specification to see if the presumption has been rebutted. *Texas Digital*, 308 F.3d at 1204; *E-Pass*, 343 F.3d at 1369. This occurs when the patentee "acted as his own lexicographer and imbued the claim terms with a particular meaning or 'disavowed or disclaimed scope of

7

coverage, by using words or expressions of manifest exclusion or restriction.'" *E-Pass*, 343 F.3d at 1369 (quoting *Texas Digital*, 308 F.3d at 1204). Such is not the case here. It is true, as Heartech points out, that the specification and the diagrams accompanying the patent show the groove to be in contact with the outer circumference of the chuck sleeve. But the specification is simply the "preferred embodiment" of the patent, *see* '974, col. 6, line 35, there is nothing to suggest that it describes the patent's *sole* embodiment, or to put it another way, that the patentee intended to restrict the claims in this manner. The Federal Circuit has aptly pointed out that "[i]nterpretation of descriptive statements in a patent's written description is a difficult task, as an inherent tension exists as to whether a statement is a clear lexicographic definition or a description of a preferred embodiment." *Id.* at 1369. But in this case it is clear that the latter is what was intended, not the former; Heartech points to nothing in the description of the preferred embodiment that reflects an intent or effort by the patentee to *define* the term "along", as opposed to simply describing a particular embodiment of the patent. *See id.* Under the circumstances, to read the term "along" in the manner urged by Heartech would improperly limit the patent to its preferred embodiment.

In its reply brief, Heartech argues that the groove's function in the patent can be accomplished only if it is in contact with the chuck sleeve. This argument is forfeited because it was not made in Heartech's opening brief, but even if not forfeited it would be meritless, as Heartech has failed to provide any factual support for its assertion (aside from an attempted interpretation of the preferred embodiment, which is improper for the reasons previously discussed).

Literal infringement exists when the accused device contains every limitation in the asserted claims. *E.g.*, *Kraft Foods, Inc. v. International Trading Co.*, 203 F.3d 1362, 1370 (Fed.

8

Cir. 2000). The absence of even one such limitation compels a finding of non-infringement. *See, e.g., Watts v. XL Systems, Inc.*, 232 F.3d 877, 884 (Fed. Cir. 2000). In arguing that it is entitled to summary judgment on the issue of literal infringement, as to claims 1-9, Heartech relied exclusively on is proposed construction of the claim term "along." Because the Court has rejected that construction, Heartech is not entitled to summary judgment of non-infringment on these claims. Under the circumstances, no purpose would be served by addressing at this time its arguments regarding literal infringement as to claims 10 and 11 and infringement under the doctrine of equivalents.

## Conclusion

For the reasons stated above, defendant's motion for summary judgment [Docket #11] is denied. The case is set for a status hearing on January 13, 2004 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: January 5, 2004